**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2778-17T4

ADA CABALLERO,

     Plaintiff-Appellant,

v.

CABLEVISION SYSTEMS
CORPORATION, EARNEST
R. PASTOR, Individually and
as Human Resource Manager of
Cablevision, and STEPHANY
DALTON, Individually and as
Human Resource Manager of
Cablevision,

     Defendants-Respondents.

_____

        Submitted April 9, 2019 – Decided April 24, 2019

        Before Judges Fisher and Suter.

        On appeal from Superior Court of New Jersey, Law
        Division, Hudson County, Docket No. L-4540-15.

        Chatarpaul Law Firm, PC, attorneys for appellant (Jay
        J. Chatarpaul, on the briefs).

Morgan, Lewis & Bockius LLP, attorneys for respondent (August W. Heckman, III, Sean P. Lynch, and Rudolph J. Burshnic, II, of counsel and on the brief).

PER CURIAM

Plaintiff Ada Caballero filed a complaint against her former employer, defendant Cablevision Systems Corporation, alleging, among other things, that Cablevision violated the Law Against Discrimination, N.J.S.A. 10:5-1 to -49, by terminating her after fifteen years of employment because of her age, and because of a disability, perceived or otherwise. Because we agree there was a genuine factual dispute about whether her employment was terminated for either legitimate or pretextual reasons, we reverse the summary judgment entered in Cablevision's favor and remand for a trial.

The standards that governed the trial judge's ruling on Cablevision's summary judgment also guide our review. Townsend v. Pierre, 221 N.J. 36, 59 (2015). In considering a summary judgment, we must examine the evidence in the record to determine whether "when viewed in the light most favorable to the non-moving party" it is enough "to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-party party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

A summary judgment motion does not present an opportunity for the judge to weigh the evidence or make credibility findings. Ibid. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). The judge's essential role is to identify disputed questions of fact, assess their materiality, and determine whether a rational factfinder could resolve the disputed facts in the non-moving party's favor. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014).

Plaintiff's complaint alleged numerous causes of action. As noted, plaintiff claimed that her employment termination violated the LAD because it was based on either her age or a disability. She also alleged defamation, intentional infliction of emotional distress, the failure to accommodate, and aiding and abetting. Her complaint demands compensatory and punitive damages.

The entirety of plaintiff's complaint was dismissed by way of summary judgment. Plaintiff does not seek our review of the dismissal of any of her causes of action except for the age and disability LAD claims, the aiding and abetting claim, and the claim for punitive damages. Because we conclude that the judge erred in granting summary judgment on the age and disability LAD claims, we reverse. In reversing, we also conclude that plaintiff may continue

to pursue the aiding and abetting claim, and may continue to seek punitive damages, because their dismissal was based on the dismissal of the age and disability claims that we find infirm. We, thus, need only discuss the dismissal of the age and disability LAD claims.

I

In an LAD action based on a claim that employment action was unlawfully based on age, a plaintiff must establish: membership in that protected class; qualifications for or adequate performance of the position held; an adverse employment decision; and replacement by a person not in the protected class. Zive v. Stanley Roberts, Inc., 182 N.J. 436, 447 (2005). When these elements are adequately demonstrated, the burden of production shifts to the employer to come forward and "articulate a legitimate, nondiscriminatory reason" for its actions. Id. at 449. Then, in the third stage of this "burden-shifting scheme," the plaintiff must show the employer's articulated reason "was merely a pretext for discrimination and not the true reason for the employment decision." Ibid.

Considering that the order under review resulted from Cablevision's summary judgment motion, we do not consider the weight of plaintiff's evidence, only its existence. And, in examining the record, we conclude that plaintiff clearly presented sufficient evidence of a prima facie age discrimination

4

case. Plaintiff was fifty years old when terminated. Shortly before Cablevision took action, it gave plaintiff a "strong performance" evaluation. And, after being fired, plaintiff was replaced by a person nearly half her age.

In moving for summary judgment, Cablevision attempted to meet its burden on the second-stage of the burden-shifting procedure. Cablevision asserted that plaintiff was terminated because she failed to reveal her divorce in order to surreptitiously retain health insurance benefits for her ex-husband. This sufficiently satisfied Cablevision's burden of articulating a legitimate nondiscriminatory reason for terminating plaintiff's employment.

In many cases, the focus turns to the burden-shifting paradigm's third aspect. So too here. Plaintiff provided evidence that she informed Cablevision of her divorce shortly after its occurrence. The factual record reveals that plaintiff was divorced at the end of July 2013 and that she sent a copy of the divorce judgment to a human resources representative of Cablevision in October 2013. She also then provided a copy of her new driver's license and documents revealing she had applied for a new social security card and changed her name. In responding to Cablevision's motion, plaintiff further asserted that her conveyance of these materials in October 2013 accorded with company procedures and that she then thought she had done all that was necessary to

5

remove her ex-husband from the company health insurance plan.[1] She thus contends that the reason articulated for her termination – that two years later she filled out a requested form as part of a company-wide audit of dependent eligibility that again acknowledged her divorce – was pretextual because she had already informed the company of the divorce.

When the parties' factual presentations are closely examined, the recognition that there exists a genuine factual dispute about the reason given for termination is inescapable. The record, when viewed in plaintiff's favor, reveals a genuine dispute about whether she attempted to defraud Cablevision by failing to take steps to remove her ex-husband from the company's health insurance plan or whether the evidence could support a factfinder's determination that this reason was a pretext for an age-based termination. Now is not the time to weigh the competing evidence. Plaintiff has shown – and Cablevision does not dispute – that the divorce judgment was forwarded to human resources shortly after the divorce. Yet, Cablevision argues that plaintiff should have sent the judgment to

[1] In her certification, plaintiff recounted how, while on medical leave for a gallbladder operation, she received a telephone call from a human resources representative asking whether she "had . . . removed [her] ex-husband" from the health insurance plan; she replied "yes," and advised that she did that "back in 2013 after [her] divorce and again on March 26, 2015, after . . . receiv[ing] a packet from Xerox [Solutions]," which Cablevision retained to "help manage communications" relating to a company-wide audit of its benefits plan.

A-2778-17T4

some other personnel or more actively ensured her ex-husband's removal as an eligible dependent. Cablevision may ultimately persuade a factfinder that plaintiff should have done more and that, as a result, it had a legitimate reason to terminate her employment. But, on this record, it was not entitled to have these matters summarily decided in its favor.

In short, to the extent the termination was ostensibly based on the content of plaintiff's response to the 2015 audit, it appears that she gave an entirely truthful answer: that she had divorced her husband and he was not eligible for health insurance benefits. And she advised, when receiving a telephone call about it, that she had already informed Cablevision of the divorce. See n. 1, above. We fail to see how it could be said that these representations leave no doubt that Cablevision had and articulated a legitimate reason for termination. And, to the extent it really means the termination was based on plaintiff's failure to advise of the divorce at an earlier time, Cablevision has acknowledged that plaintiff provided a copy of her divorce judgment shortly after its entry. A factfinder could certainly conclude from this record that the reason given for the termination two years later – for failing to advise of her ex-husband's ineligibility – was pretextual and that Cablevision "did not act for its proffered non-discriminatory reason[]." Kelly v. Bally's Grand, Inc., 285 N.J. Super. 422,

7

431-32 (App. Div. 1995); <u>see also</u> <u>Fuentes v. Perskie</u>, 32 F.3d 759, 763 (3rd Cir. 1994).

II

Because she was terminated shortly after gallbladder surgery, plaintiff argues she has a viable LAD claim based upon a real or perceived disability. The parties dispute whether her condition, which she acknowledged required no accommodation, rises to the level of what the LAD was designed to protect. The LAD broadly defines what it means to be disabled. N.J.S.A. 10:5-5(q). The LAD is not limited to encompassing only severe or immutable disabilities; it is "significantly broader." <u>Viscik v. Fowler Equip. Co.</u>, 173 N.J. 1, 16 (2002).

For example, alcoholism has been found to be a cognizable disability depending on the symptoms as demonstrated by "accepted clinical or laboratory diagnostic techniques." <u>Clowes v. Terminix Int'l, Inc.</u>, 109 N.J. 575, 593-94 (1988). In <u>Andersen v. Exxon Co., U.S.A.</u>, 89 N.J. 483, 493-94 (1982), the plaintiff's back and spinal injury was considered a physical infirmity within the statute because of a need for spinal-fusion surgery and other procedures, that would still limit the performance of his job obligations. The plaintiff in <u>Soules v. Mount Holiness Memorial Park</u>, 354 N.J. Super. 569, 571 (App. Div. 2002), missed over eight months of work because he developed cancer, which required

8

the removal of a kidney. We found little doubt "that cancer qualifies" as a disability in this setting "regardless of the length of the recuperative period or the temporal consequences." Id. at 576.

Again considering plaintiff's claim was rejected on summary judgment, when she was entitled to a favorable view of the evidence, and in light of the breadth with which our courts have interpreted what it means to have a physical disability that's entitled to the LAD's protection, we agree the judge erred in dismissing this claim. It may be that plaintiff was cleared to return to work and did not claim the surgery affected her in any way. But plaintiff was terminated so soon after surgery; that suggested – at least at this stage – that Cablevision's true reason for the termination was its hostility toward plaintiff's medical condition, as amplified by its discontent with prior medical leaves.[2] Plaintiff should be permitted to continue to pursue this claim.

---

[2] In its moving certification, Cablevision claims that "[t]hroughout her employment, [p]laintiff requested and was granted . . . leave[s] of absence[] under the Federal Medical Leave Act" – citing seven such instances between 2005 and 2013 – "for which she was not disciplined or terminated." One might wonder why Cablevision would then have considered "discipline" or "termination" when, according to its own statement, plaintiff requested those leaves and those requests were "granted." At this stage, plaintiff was entitled to the court's view of this allegation as suggesting Cablevision's animus against her for medical circumstances at the time of termination as illuminated by past similar circumstances.

* * *

We reverse the summary judgment entered in Cablevision's favor on plaintiff's age and disability discrimination causes of action, as well as the aiding and abetting claims and the claim for punitive damages,[3] and remand for trial. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] The parties also dispute the significance of an administrative finding at the time plaintiff sought unemployment benefits. At the hearing's conclusion, the agency determined that plaintiff "did not falsify company records, nor conspired to conceal her divorce status with her ex-husband." In light of our disposition of the appeal, we need not now consider whether this finding is evidential or has any preclusive effect in this LAD action.

A-2778-17T4